IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **ROBERT PRICE,** )<br>    Plaintiff,    )<br>    )<br>v.   )<br>    )<br>    )<br>**C/O CARVER, et al.,** )<br>    Defendants.  ) | Case No. 7:23-cv-00020<br><br>By: Michael F. Urbanski<br>Chief United States District Judge |

## MEMORANDUM OPINION

Robert Price, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against six correctional officers employed at the Albemarle-Charlottesville Regional Jail ("ACRJ"). The case is now before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the amended complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I.  Background

Price is currently incarcerated at the ACRJ. Compl., ECF No. 1, at 1. He alleges that a non-party police officer engaged in "unwanted sexual touching" at a store on Route 29 on October 2, 2022, presumably during the course of his arrest.* Id. at 2. While being booked at the ACRJ, Price sought to file a "criminal complaint form" against the police officer. Id. He alleges that the correctional officers "let [the] cop go and did nothing." Id.

### II.  Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks

---

* Price filed a separate action against the police officer. See Price v. Keyser, No. 7:23-cv-00019 (W.D. Va.).

redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

### III. Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011)).

Having reviewed the amended complaint in accordance with the applicable law, the court concludes that it fails to state a plausible claim for relief under § 1983 against the named defendants. It is well settled that "[n]o citizen has an enforceable right to institute a criminal prosecution." Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) (citing Linda R. v. Richard V., 410 U.S. 614, 619 (1973)). While inmates have a constitutional right to access the courts, "[t]he tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Lewis v. Casey, 518 U.S. 343, 355 (1977). The right does not impose an obligation on correctional officials to assist an inmate in filing criminal charges. Lopez, 914 F.2d at 494. Consequently, the defendants' alleged failure to assist Price in pursuing criminal charges against the police officer does not give rise to a constitutional claim.

## IV. Conclusion

For the foregoing reasons, the court concludes that Price's amended complaint is subject to dismissal for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

Entered: April 20, 2023

Michael F. Urbanski
Chief U.S. District Judge
2023.04.20 15:14:15 -04'00'

Michael F. Urbanski
Chief United States District Judge